ALBERT F. PRATT *vs.* COURT OF PROBATE OF PAWTUCKET.

PROVIDENCE—APRIL 20, 1901.

PRESENT : Stiness, C. J., Tillinghast and Douglas, JJ.

(1)    *Probate Law and Practice.    Guardian and Ward.    Service of Notice.*

It is unnecessary to serve notice upon a petitioner, not insane or *non compos mentis,* of the pendency of his own petition for the appointment of a guardian upon his person and estate.

(2)    *Probate Law.    Guardian and Ward.*

Gen. Laws R. I. cap. 196, § 7, authorizes a Probate Court to appoint a guardian of the person and estate of a person who, "from want of discretion in managing his estate, shall be likely to bring himself or family to want, or to render himself or family chargeable."    The decree of the Probate Court found that the person was lacking in discretion, but did not find that he was likely to bring himself to want or render himself chargeable :—

*Held,* that the decree was not sufficient to warrant the appointment of a guardian.

*Held,* further, that the court had jurisdiction of the proceedings, and the decree only was erroneous.

CERTIORARI seeking to quash certain probate proceedings, the nature of which appears in the opinion.

(1)    PER CURIAM.    The court is of opinion that, as the petition was filed by the ward himself, the provision relating to notice, Gen. Laws cap. 196, § 17, is not applicable.    It would be quite

unnecessary to serve a notice upon a petitioner, not insane or *non compos mentis*, of the pendency of his own petition.

The statutory authority to appoint a guardian in a case like this is the fact that a person "from want of discretion in managing his estate shall be likely to bring himself or family to want, or to render himself or family chargeable."

(2)　　The decree in this case simply shows that the court found the petitioner to be lacking in discretion. It did not find that he was likely to bring himself to want or to render himself chargeable. The decree, therefore, was not sufficient to warrant the appointment of a guardian. The court had jurisdiction of the proceeding, and the decree only was erroneous. *Hopkins* v. *Howard*, 20 R. I. 394.

The decree is therefore quashed, and the case remitted to the Court of Probate of Pawtucket with direction to re-open the same and to set a time for entry of decree, or for further hearing, upon notice to the petitioner of at least ten days prior thereto.

*H. J. Dubois*, for petitioner.

*E. W. Blodgett*, for Court of Probate.

*P. H. Quinn*, for guardian.